# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR PORTNOFF <br><br> V. <br><br> JANSSEN PHARMACEUTICALS, INC., ET AL. | : <br> : <br> : CIVIL ACTION NO. <br> : 16-cv-05955-MSG <br> : <br> : <br> : |

## PLAINTIFF'S MOTION TO FILE A REPLY BRIEF IN RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT

Plaintiff respectfully requests leave to file a reply brief to rebut a factual assertion made in Defendants' Opposition to Plaintiff's Motion to Remand to State Court. Plaintiff's proposed reply brief is attached as Exhibit A. A proposed Order is attached hereto.

Dated: December 30, 2016

Respectfully submitted:

/s/ *Daniel N. Gallucci*
Daniel N. Gallucci, Esquire
NASTLAW LLC
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Telephone: (215) 923-9300
Fax: (215) 923-9302

Michael M. Weinkowitz, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street -- Suite 500
Philadelphia, Pennsylvania 19106
Telephone: (215) 592-1500
Fax: (215) 592-4663

Rosemary Pinto, Esquire
FELDMAN & PINTO
6706 Springbank Street
Philadelphia, Pennsylvania 19119

Telephone: (215) 546-2604

Joshua M. Mankoff, Esquire
LOPEZ MCHUGH
214 Flynn Avenue
Moorestown, New Jersey 08057
Telephone: (856) 273-8500

Ellen Relkin, Esquire
WEITZ & LUXENBURG, P.C.
200 Lake Drive E, #205
Cherry Hill, New Jersey 08002
Telephone: (215) 735-1130

Frank M. Petosa. Esquire
MORGAN & MORGAN
600 N. Pine Island Road
Suite 400
Plantation, Florida 33324
Telephone: (954) 318-0268

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

     I hereby certify that on December 30, 2016, a copy of the foregoing Plaintiff's Motion to File a Reply Brief in Response to Defendants' Opposition to Plaintiff's Motion to Remand to State Court was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system as indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Dated: <u>December 30, 2016</u>            <u>/s/ *Daniel N. Gallucci*</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR PORTNOFF | : |
| | : |
| V. | : CIVIL ACTION NO. |
| | : 16-cv-05955-MSG |
| JANSSEN PHARMACEUTICALS, INC., ET AL. | : |
| | : |

### [PROPOSED] ORDER

Upon consideration of Plaintiff's Motion to File a Reply Brief in Response to Defendants' Opposition to Plaintiff's Motion to Remand to State Court, it is hereby Ordered that the Motion for Leave is GRANTED, and that Exhibit A to Plaintiff's Motion to File a Reply Brief is accepted as filed.

**IT IS SO ORDERED.**

BY THE COURT:

_____
MITCHELL S. GOLDBERG, J.

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR PORTNOFF : | |
| : | |
| V. : | CIVIL ACTION NO. |
| : | 16-cv-05955-MSG |
| JANSSEN PHARMACEUTICALS, INC., ET : | |
| AL . : | |
| : | |

**PLAINTIFF'S REPLY IN RESPONSE TO DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

In their opposition, the Defendants incorrectly argue that Plaintiff's reference to consolidation for trial in the conclusion of the *Petition to Consolidate* filed in State Court was not a scrivener's error. Defendants correctly explain that a scrivener's error occurs when the party used an original document as a word processing template and failed to notice that this resulted in the incorporation of a mistake. *Schillinger v. Union Pacific Railroad Company*, 425.F3d, 330 (7th Cir. 2005)(*See* Defendants' response at p.7, 8). That is exactly what occurred here:

- Plaintiff's counsel used a prior state court *Petition to Consolidate* as a word-processing template and failed to recognize that the template used included a request for a consolidated trial (a request that could not be granted since joint trials are precluded under the current rules). *See* Exhibit A – Affidavit of Rosemary Pinto.

- The inclusion of a request for joint trials was clearly a scrivener's error as evidenced by the fact that in 2011, joint trials were <u>prohibited</u> in Philadelphia Court of Common Pleas as set forth in an order entered <u>after</u> the template utilized by Plaintiff's counsel was created. *See* Exhibit 1 – Notice to the Bar, Mass Tort Program (December 8, 2011).

1

Defendants admit that where there is a scrivener's error that is amended for a legitimate purpose remand would be proper. (*See* Defendants' response at p.8.). For the reasons set forth above in Plaintiff's motion, the Court should remand this case to state court.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion to Remand.

Dated: December 30, 2016

Respectfully submitted:

/s/ *Daniel N. Gallucci*
Daniel N. Gallucci, Esquire
NASTLAW LLC
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Telephone: (215) 923-9300
Fax: (215) 923-9302

Michael M. Weinkowitz, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street -- Suite 500
Philadelphia, Pennsylvania 19106
Telephone: (215) 592-1500
Fax: (215) 592-4663

Rosemary Pinto, Esquire
FELDMAN & PINTO
6706 Springbank Street
Philadelphia, Pennsylvania 19119
Telephone: (215) 546-2604

Joshua M. Mankoff, Esquire
LOPEZ MCHUGH
214 Flynn Avenue
Moorestown, New Jersey 08057
Telephone: (856) 273-8500

Ellen Relkin, Esquire
WEITZ & LUXENBURG, P.C.
200 Lake Drive E, #205
Cherry Hill, New Jersey 08002
Telephone: (215) 735-1130

2

Frank M. Petosa. Esquire
MORGAN & MORGAN
600 N. Pine Island Road
Suite 400
Plantation, Florida 33324
Telephone: (954) 318-0268

*Attorneys for Plaintiffs*

# EXHIBIT A

# AFFIDAVIT

I, Rosemary Pinto, Esquire, hereby state that I am an attorney and a Shareholder at the Law Firm of Feldman and Pinto.

I am over the age of eighteen years of age.

I have personal knowledge of the facts set forth below.

I drafted Plaintiffs' Petition to Consolidate Invokana® Products Liability Cases Currently Pending in the Philadelphia Court of Common Pleas and for Mass Tort Designation.

In drafting the Petition I utilized a prior Petition from a previous Mass Tort as a word processing template.

This template pre-dated the Rule enunciated by Administrative Judge of the Philadelphia Court of Common Pleas, The Honorable John W. Herron on December 8, 2011. This order mandated that there would be no consolidation of any pharmaceutical cases after January 1, 2012 in the Philadelphia Court of Common Pleas Mass Tort Program. (See Exhibit 1 attached hereto.)

Neither I nor co-counsel intended to request a consolidated trial.

The intention was to request consolidation for pre-trial proceedings only.

Other than the sole reference in the conclusion paragraph there was no discussion of joint trials in the Petition.

There was never any discussion among the counsel who signed off on the Petition of a request for a joint trial.

As soon as Plaintiffs' counsel learned that this scrivener's error had occurred we filed Plaintiffs' Supplement to Defendants Response to Plaintiffs Petition to Consolidate Invokana® Products Liability Cases Currently Pending in the Philadelphia Court of Common Pleas and for Mass Tort Designation, and corrected the scrivener's error removing the request for a consolidated trial.

Dated:

_____
Rosemary Pinto

Sworn to and Subscribed:

Before me this 30th day:

Of December, 2016

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Nancy A. Ford, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires April 29, 2018
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

# EXHIBIT 1

## NOTICE TO THE BAR –
## MASS TORT PROGRAM

AND NOW, this 8th day of December, 2011, effective immediately, consolidation and reverse bifurcation of all mass tort actions shall be suspended during the study period announced earlier, which allows for written comment to be submitted on or before January 31, 2012. In the meantime, mass tort cases shall proceed to trial individually. Upon the expiration of the study period, in or about February, consolidation of cases and reverse bifurcation may be reinstated if the Court is convinced adequate safeguards and protocols are in place to assure fair and just disposition of actions filed.

In all events, as announced in November by Judge Moss, consolidation and reverse bifurcation of all pharmaceutical cases shall end permanently as of January 1, 2012.

JOHN W. HERRON
ADMINISTRATIVE JUDGE
TRIAL DIVISION


HONORABLE SANDRA MAZER MOSS
COORDINATING JUDGE
COMPLEX LITIGATION CENTER

Dated: December 8, 2011